IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KENDRICK GRAYDON,**
**ADC #111057**                                                                                                   **PLAINTIFF**

V.                        **CASE NO. 4:18-CV-360-BSM-BD**

**L. MARUF,** *et al.*                                                                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Mr. Graydon may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Graydon may waive any right to appeal questions of fact.

**II.**    **Discussion:**

Kendrick Graydon, a pre-trial detainee at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this lawsuit without the help of a lawyer under 42 U.S.C. §1983. (Docket entry #1) In his complaint, Mr. Graydon claims that Detention Facility officials were deliberately indifferent to his serious medical needs. He named four individuals as Defendants, but did not explain how each Defendant knew of his need

for medical treatment or what each Defendant's role was in denying him his rights.[1] In order for a defendant to be held liable in a case such as this, the defendant must have had personal involvement in depriving a detainee of his rights.

Rather than recommending that the complaint be dismissed, the Court gave Mr. Graydon an opportunity to file an amended complaint with the missing information. (#5) Mr. Graydon was ordered to amend his complaint no later than July 11, 2018, or risk dismissal of his claims, without prejudice. Local Rule 5.5. To date, Mr. Graydon has not filed an amended complaint, and the time allowed for doing so has expired.

### III.  Conclusion:

Without additional factual allegations, the complaint does not state a federal claim for relief. The Court recommends that Mr. Graydon's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's June 11, 2018 Order and his failure to prosecute this lawsuit.

DATED, this 18th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In his complaint, Mr. Graydon does allege that Defendant Bone improperly assigned him to a lower bunk but to an "upstairs cell." (#1 at p.4) Mr. Graydon states that he was previously assigned to a top bunk, but that his assignment to an upstairs cell caused him pain. (#1 at p.4) Without additional facts stating how long Mr. Graydon was assigned to an upstairs cell and explaining whether Defendant Bone was aware of any specific medical restrictions, the complaint does not state a federal claim for relief against Defendant Bone. See *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (explaining that even gross negligence is insufficient to establish liability)).